ZILBERSHER v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Third Circuit. October 29, 1913.)

No. 1,486.

1. TRIAL (§ 139*)—DIRECTION OF VERDICT.
    Where the evidence would not have sustained a judgment for plaintiff and it would have been the duty of the court to have set aside a verdict for plaintiff if returned, it was the duty of the trial judge to direct a verdict for defendant.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. RAILROADS (§ 348*)—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE.
    Where, in an action for injuries in a railroad crossing accident, the issue of contributory negligence depended on whether the watchman at the crossing gave the proper warning and it appeared that the watchman was killed by the same train that struck plaintiff's wagon and that the watchman's body was found at the very place of the collision, plaintiff's evidence that he did not see the watchman was not inconsistent with the direct and positive testimony of other witnesses who swore to the watchman's presence on the crossing and to the discharge of his duty.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. § 348.*]

In Error to the Circuit Court of the United States for the District of New Jersey; Joseph Cross, Judge.

Action by Marcell Zilbersher against the Pennsylvania Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Wm. M. Rysdyk, of Jersey City, N. J. (Robert S. Hudspeth, of Jersey City, N. J., of counsel), for plaintiff in error.

Vredenburgh, Wall & Carey, of Jersey City, N. J. (Albert C. Wall, of Jersey City, N. J., of counsel) for defendant in error.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

PER CURIAM. The plaintiff was injured, both in person and in property, while driving a horse and wagon over a grade crossing of the Pennsylvania Railroad near the town of Rahway. The case was taken from the jury on the ground that his own negligence had contributed to the accident, and the correctness of this instruction is the only question now presented.

[1] We have therefore examined all the evidence and have no difficulty in agreeing with the statement of the trial judge that, if the jury should find for the plaintiff, the verdict could not be sustained. This justified his instruction, as many cases decide. Railroad v. Bank, 123 U. S. 733, 8 Sup. Ct. 266, 31 L. Ed. 287; Cattle Co. v. Railway, 210 U. S. 10, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Re Iron Clad Co. (C. C. A.) 197 Fed. 281, 116 C. C. A. 642.

[2] The declaration and the plaintiff's own testimony narrow the issue to one question, namely, Did the watchman at the crossing give

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the proper warning? The plaintiff went no further than to say that he "did not see the watchman." Obviously this ambiguous statement is not inconsistent with the direct and positive testimony of the other witnesses that swore to the watchman's presence on the crossing and to his zealous discharge of duty. And when we also take into account the undoubted physical facts that the watchman was killed by the same train that struck the plaintiff's wagon, and that his body was found at the very place of the collision, it is manifest that a situation is presented different from the ordinary conflict among witnesses, where some of them testify in one way and some in the other. Such a conflict was referred to by this court in McLaughlin v. Horne (C. C. A.) 206 Fed. 246, and we do not qualify what was said in that case.

The judgment is affirmed.